Meyer, J.
(dissenting). Although the commissioner’s finding, affirmed by the board, that complainant “believed she was opposing discriminatory practices by Respondent” does not include the word “reasonably” as a modifier of “believed”, the reasonableness of her belief is implicit from the findings, likewise affirmed, that a number of female employees other than complainant signed the petition she prepared and that all but one of 32 female employees received lower hourly rate pay and fewer fringe benefits than did the eight male and one female employees in salaried positions (cf. Sias v City Demonstration Agency, 588 F2d 692, 695-696). So to conclude is not to engage in forbidden fact finding on our part, but to recognize what *899 logic, though not the commissioner’s words, compel. I would, therefore, reach the issue and like Judge Fuchs-berg adopt the Federal standard.
Accordingly, I also dissent and vote to reverse but, having concluded that reasonableness has, indeed, already been found, I would reinstate the board’s determination rather than remit.
Judges Jasen, Jones and Wachtler concur; Chief Judge Cooke concurs in result in a separate memorandum; Judge Fuchsberg dissents and votes to reverse and remit the matter in an opinion; Judge Meyer dissents and votes to reverse and reinstate the determination of the State Human Rights Appeal Board in another opinion; Judge Gabrielli taking no part.
Order affirmed, with costs, in a memorandum.